UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WARLETHA PRICE | C.A. NO.: 09-366 |
| VERSUS | JUDGE: PARKER |
| EXXON MOBIL, INC | MAG. JUDGE: RIEDLINGER |

### STATION OPERATORS, INC.'S ANSWER AND DEFENSES

Station Operators, Inc. ("SOI")(improperly named and/or referred to by the plaintiff as either "Exxon Mobil, Inc" or "Exxon-Mobil, Inc." or "Exxon Mobile") files this answer and defenses to the complaint filed by the plaintiff (and the attachments thereto) and denies each and every allegation contained therein except as specifically admitted below.[1] Further answering, SOI says:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The plaintiff's claims are barred, in whole or in part, by the applicable prescriptive and statute of limitations periods.

---

[1] In answering the plaintiff's allegations which refer improperly to "Exxon Mobil, Inc" or "Exxon-Mobil, Inc." or "Exxon Mobile," SOI will answer such allegations as though the plaintiff had referred to SOI. SOI further notes that the plaintiff filed with this Court a typewritten complaint with attachments. One of the attachments is another document also entitled "Complaint" containing typewritten and handwritten information. SOI's Answer and Defenses is intended to respond to the plaintiff's complaint and its attachments, and SOI denies allegations set forth in the "Complaint" attachment, except as specifically admitted below.

## THIRD DEFENSE

To the extent the complaint makes claims under the Federal Constitution, the complaint fails to state a claim upon which relief can be granted and/or is otherwise barred and without merit. SOI, for example, is not a state actor or governmental entity.

## FOURTH DEFENSE

To the extent the complaint makes claims under 42 U.S.C. § 1982, the complaint fails to state a claim upon which relief can be granted and/or is otherwise barred and without merit. Section 1982, for example, does not apply to employment discrimination claims, and the plaintiff lacked a property interest in her position.

## FIFTH DEFENSE

The plaintiff's federal law claims, including those under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and/or the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, are barred by time limitations to the extent that they arose more than three hundred (300) days before the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and/or the Louisiana Human Rights Commission ("LHRC").

## SIXTH DEFENSE

Insofar as the action purports to allege claims under Title VII and/or the ADEA, any claims not asserted within ninety (90) days of receipt by the plaintiff of a notice of right to sue from the EEOC or LHRC are barred by time limitations contained in Section 706(f)(1) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1), and the ADEA, 29 U.S.C. § 626(e).

## SEVENTH DEFENSE

Insofar as the action purports to allege claims arising under the ADEA, it is barred, in whole or in part, by the applicable two (2) year statute of limitations.

## EIGHTH DEFENSE

The Court lacks jurisdiction over the subject matter and/or the complaint fails to assert a claim upon which relief can be granted under federal law, including Title VII and/or the ADEA, to the extent that the complaint alleges claims not covered by the EEOC or LHRC charge, or that are beyond the scope of the EEOC or LHRC investigation which can reasonably be expected to grow out of the charge.

## NINTH DEFENSE

The Court lacks jurisdiction over the subject matter and/or the complaint fails to state a claim upon which relief can be granted to the extent that the complaint alleges violations and/or requests relief for claims for which the plaintiff failed to exhaust administrative remedies.

## TENTH DEFENSE

The plaintiff has no right of action and is barred under the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et seq.*, because she failed to satisfy the notice requirements of La. R.S. § 23:303(C).

## ELEVENTH DEFENSE

The complaint fails to state a claim upon which relief can be granted to the extent it complains of alleged retaliatory or discriminatory actions that are not materially adverse or tangible employment actions, and are therefore not cognizable under federal or state law.

## TWELFTH DEFENSE

If it is found that the plaintiff was unlawfully harassed by a supervisor (which SOI denies), SOI is not liable for such conduct because SOI exercised reasonable care to prevent and correct promptly any alleged harassing behavior, and the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided or to avoid harm otherwise.

## THIRTEENTH DEFENSE

If it is found that the plaintiff was unlawfully harassed by a non-supervisory employee (which SOI denies), SOI is not liable because the plaintiff cannot establish the legal standard that SOI knew or should have known of the alleged harassment and failed to take prompt remedial action.

## FOURTEENTH DEFENSE

If it is found that SOI's agents or employees committed any unlawful acts (which SOI denies), SOI is not liable for such conduct because the conduct was not within the course and scope of their employment.

## FIFTEENTH DEFENSE

SOI states that any and all alleged damages suffered by the plaintiff were caused totally, or in the alternative, partially, by the fault of either the plaintiff or third persons for whom SOI is not responsible, and any damages should, therefore, be barred or reduced accordingly.

## SIXTEENTH DEFENSE

SOI is not liable to the plaintiff to the extent that the purported problems and damages alleged in the complaint were caused by events, situations, and/or conditions unrelated to the incidents alleged in the complaint.

## SEVENTEENTH DEFENSE

If it is determined that any of the plaintiff's alleged protected statuses were a motivating factor in any employment action taken by SOI (which SOI denies), then SOI pleads that it would have taken the same action for reasons that were lawful and not related to the plaintiff's alleged protected statuses, and therefore SOI is not liable, in whole or in part, for the relief sought by the plaintiff.

## EIGHTEENTH DEFENSE

SOI pleads the defense of waiver.

## NINETEENTH DEFENSE

SOI pleads the defense of estoppel.

## TWENTIETH DEFENSE

The plaintiff is not entitled to punitive damages. To the extent the plaintiff attempts to bring a claim for punitive damages under statutes not providing for such relief, her claims for such should be dismissed. To the extent the plaintiff attempts to bring a claim for punitive damages under federal laws that provide for such relief, her claim is barred and without merit. SOI's agents did not engage in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of the plaintiff. Even if it is determined that SOI's agents did engage in such conduct

(which is denied), such conduct would be contrary to SOI's good faith efforts to comply with federal anti-discrimination laws.

## TWENTY-FIRST DEFENSE

In the event punitive damages are awarded (which SOI denies is appropriate), then such award is barred to the extent it does not comport with the Due Process Clause of the United States Constitution.

## TWENTY-SECOND DEFENSE

To the extent the plaintiff brings claims with statutory caps/limitations regarding recovery, SOI pleads entitlement to such caps/limitations.

## TWENTY-THIRD DEFENSE

In the event any money judgment is rendered in favor of the plaintiff, then the amount awarded should be reduced by all amounts earned or which could have been earned by the plaintiff with reasonable diligence. The plaintiff may have failed to mitigate her damages.

## TWENTY-FOURTH DEFENSE

In the event a money judgment is rendered in favor of the plaintiff, then the amount awarded should be reduced by all amounts of unemployment compensation benefits, disability benefits, workers' compensation benefits, retirement benefits, or other benefits received or which could have been received by the plaintiff with reasonable diligence.

## TWENTY-FIFTH DEFENSE

The plaintiff's alleged claims are barred in whole, or in the alternative, in part, by the doctrine of after-acquired evidence.

## TWENTY-SIXTH DEFENSE

SOI, while not admitting that the plaintiff has any claim under the Louisiana workers compensation provisions, asserts that the plaintiff cannot recover in any case to the extent her claims are barred by the exclusivity provisions of the Louisiana workers compensation provisions, La. R.S. 23:1021, *et seq.*

## TWENTY-SEVENTH DEFENSE

SOI pleads the defense of comparative fault.

## TWENTY-EIGHTH DEFENSE

SOI specifically reserves the right to assert any and all other defenses made known to it through discovery, or otherwise, as this litigation progresses.

Pleading further, if such be necessary, and in the alternative throughout, SOI says:

1.

SOI denies that the plaintiff is entitled to any relief whatsoever and denies the allegations contained in paragraph 1 of the complaint outright, as written and/or to the extent they require SOI to make a legal conclusion.

2.

SOI denies that the plaintiff is entitled to any relief whatsoever and denies the allegations contained in paragraph 2 of the complaint outright, as written and/or to the extent they require SOI to make a legal conclusion.

3.

SOI admits that venue in this Court is proper, but denies any remaining allegations contained in paragraph 3 of the complaint.

4.

SOI denies that the plaintiff is entitled to any relief whatsoever and denies the allegations contained in paragraph 4 of the complaint outright, as written and/or to the extent they require SOI to make a legal conclusion.

5.

SOI admits that upon information and belief, the plaintiff's race is African-American; admits that upon information and belief, the plaintiff's sex is female; states that upon information and belief, the plaintiff is 54 years of age; admits that the plaintiff worked for SOI or one of its related and/or predecessor entities from approximately November 30, 1981 until May 22, 2007; admits that upon information and belief, the plaintiff is an American citizen; states that its last known address for the plaintiff was 3021 North Boulevard, Apartment 1, Baton Rouge, Louisiana 70806; and denies the remaining allegations contained in paragraph 5 of the complaint.

6.

SOI admits that it is a legal entity; states that it is a Delaware corporation which has its principal place of business in Virginia; states that its declared principal business establishment in Louisiana is 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129; denies that it should be a defendant in this case; and denies the remaining allegations contained in paragraph 6 of the complaint outright, as written and/or to the extent they require SOI to make a legal conclusion.

7.

SOI states that the plaintiff began working for SOI or one of its related and/or predecessor entities as a Cashier on or about November 30, 1981 and denies the remaining allegations contained in paragraph 7 of the complaint.

8.

SOI denies paragraph 8 of the complaint because SOI is without sufficient information to admit or deny the allegations contained therein.

9.

SOI denies paragraph 9 of the complaint because SOI is without sufficient information to admit or deny the allegations contained therein.

10.

SOI denies paragraph 10 of the complaint because SOI is without sufficient information to admit or deny the allegations contained therein.

11.

SOI states that at certain times during her employment, the plaintiff held the position of Assistant Manager at its store that is located at 3373 Florida Boulevard, Baton Rouge, Louisiana 70806 and denies the remaining allegations contained in paragraph 11 of the complaint.

12.

SOI states that at certain times during her employment, the plaintiff held the position of Retail Manager at its Tigertown Exxon store and denies the remaining allegations contained in paragraph 12 of the complaint.

13.

SOI denies the allegations contained in paragraph 13 of the complaint.

14.

SOI denies the allegations contained in paragraph 14 of the complaint.

15.

SOI denies the allegations contained in paragraph 15 of the complaint outright, as written and/or because SOI is without sufficient information to admit or deny the allegations contained therein.

16.

SOI denies the allegations contained in paragraph 16 of the complaint outright, as written and/or because SOI is without sufficient information to admit or deny the allegations contained therein.

17.

SOI states that Evan Brudahl is its employee and denies the allegations contained in paragraph 17 of the complaint outright, as written and/or to the extent they require SOI to make a legal conclusion.

18.

SOI states that Evan Brudahl's position is Operations Manager; admits that at certain times, Mr. Brudahl had supervisory authority over the plaintiff; and denies the allegations contained in paragraph 18 of the complaint outright and/or as written.

19.

SOI denies the allegations contained in paragraph 19 of the complaint.

20.

SOI denies the allegations contained in paragraph 20 of the complaint outright, as written and/or because SOI is without sufficient information to admit or deny the allegations contained therein.

21.

SOI denies the allegations contained in paragraph 21 of the complaint outright, as written and/or because SOI is without sufficient information to admit or deny the allegations contained therein.

22.

SOI denies the allegations contained in paragraph 22 of the complaint outright, as written and/or because SOI is without sufficient information to admit or deny the allegations contained therein.

23.

SOI denies the allegations contained in paragraph 23 of the complaint.

24.

SOI states that the plaintiff's "Exhibit #2" (incorrectly referred to in paragraph 24 as "Exhibit #1") is a written document and the best evidence of its contents; is without sufficient information to admit or deny the authenticity of the plaintiff's "Exhibit #2;" and denies the allegations contained in paragraph 24 of the complaint.

25.

SOI denies the allegations contained in paragraph 25 of the complaint outright and as written.

26.

SOI states that at certain times during her employment, the plaintiff worked at its store that is located at 5295 Highland Road, Baton Rouge, Louisiana 70808 and denies the remaining allegations contained in paragraph 26 of the complaint.

27.

SOI denies the allegations contained in paragraph 27 of the complaint.

28.

SOI denies the allegations contained in paragraph 28 of the complaint.

29.

SOI denies the allegations contained in paragraph 29 of the complaint outright, as written and/or because SOI is without sufficient information to admit or deny the allegations contained therein.

30.

SOI states that at certain times during her employment, the plaintiff worked at its store that is located at 8885 Highland Road, Baton Rouge, Louisiana 70808 and denies the remaining allegations contained in paragraph 30 of the complaint.

31.

SOI states that at certain times during the plaintiff's employment, SOI referred to a profit and loss formula as one of the categories to rate its stores and denies the remaining allegations contained in paragraph 31 of the complaint.

32.

SOI denies the allegations contained in paragraph 32 of the complaint outright and as written.

33.

SOI admits that the plaintiff's employment was terminated on or about May 22, 2007 and denies the remaining allegations contained in paragraph 33 of the complaint outright and as written.

34.

SOI denies the allegations contained in paragraph 34 of the complaint.

35.

SOI states that the "Notice of Right to Sue (Issued on Request)" (the plaintiff's "Exhibit #1") is a written document and the best evidence of its contents; is without sufficient information to admit or deny the authenticity of the plaintiff's "Exhibit #1;" and denies the remaining allegations contained in paragraph 35 of the complaint outright, as written and/or because SOI is without sufficient information to admit or deny the allegations contained therein.

36.

SOI denies the allegations contained in paragraph 36 of the complaint because it is without sufficient information to admit or deny the allegations contained therein.

37.

The claims asserted by the plaintiff are without reasonable basis in law or in fact or are otherwise brought without merit. As a result of the filing of this complaint, SOI has been required to obtain the services of the undersigned attorneys and is entitled to recover from the plaintiff reasonable attorneys' fees and costs incurred in and through this action. To the extent permitted under any law and/or theory of recovery by which

the plaintiff is seeking relief, including, but not limited to, 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k), SOI asserts a claim for its attorneys' fees and court costs.

38.

In response to the plaintiff's prayer for relief, SOI denies that the plaintiff is entitled to any relief whatsoever and denies the allegations contained in the plaintiff's prayer for relief.

39.

In response to the plaintiff's conclusion, SOI denies that the plaintiff is entitled to any relief whatsoever and denies the allegations contained in the plaintiff's conclusion.

Further answering, if such be necessary, SOI further responds to the specific allegations in the "Complaint" attached to the plaintiff's suit, which contains both typed and handwritten information:

40.

SOI denies the allegations contained in paragraph 1 of the "Complaint" that is attached to the plaintiff's complaint.

41.

In response to paragraph 2 of the "Complaint" that is attached to the plaintiff's complaint, SOI states that its last known address for the plaintiff was 3021 North Boulevard, Apartment 1, Baton Rouge, Louisiana 70806 and denies the remaining allegations contained in paragraph 2 of the "Complaint" that is attached to the plaintiff's complaint because SOI is without sufficient information to admit or deny the allegations contained therein.

42.

In response to paragraph 3 of the "Complaint" that is attached to the plaintiff's complaint, SOI denies that it should be a defendant in this case; states that its declared principal business establishment in Louisiana is 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129; and denies the remaining allegations contained in paragraph 3 of the "Complaint" that is attached to the plaintiff's complaint outright and/or as written.

43.

In response to paragraph 4 of the "Complaint" that is attached to the plaintiff's complaint, SOI states that the plaintiff began working for SOI or one of its related and/or predecessor entities as a Cashier on or about November 30, 1981; states that at certain times during her employment, the plaintiff was employed as a Retail Manager; states that the plaintiff's employment was terminated on or about May 22, 2007; states that at certain times, Sajan Desai was employed as a Territory Manager; and denies the remaining allegations contained in paragraph 4 of the complaint that is attached to the plaintiff's complaint outright and/or as written.

44.

In response to the prayer for relief that is contained in the "Complaint" that is attached to the plaintiff's complaint, SOI denies that the plaintiff is entitled to any relief whatsoever and denies the allegations contained in this prayer for relief.

45.

SOI does not have sufficient information to admit or deny the authenticity of the "Exhibit #1" and "Exhibit #2," both of which are attached to the plaintiff's complaint.

WHEREFORE, the defendant, Station Operators, Inc., prays for judgment in its favor and against the plaintiff dismissing the complaint(s) with prejudice, for attorneys' fees and costs to the extent permitted under any law and/or theory of recovery by which the plaintiff is seeking relief, and for such other and further relief as may be appropriate.

    /s/Scott D. Huffstetler
Melanie M. Hartmann (#14358)
Melanie.Hartmann@keanmiller.com
Theresa R. Hagen (#19333)
Theresa.Hagen@keanmiller.com
Scott D. Huffstetler (#28615)
Scott.Huffstetler@keanmiller.com
Kean, Miller, Hawthorne, D'Armond,
McCowan & Jarman, LLP
Post Office Box 3513
Baton Rouge, LA 70821
Telephone: 225.387.0999
Fax: 225.388.9133

*Attorneys for Station Operators, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participant:

Warletha Price, *Pro-Se*
3021 North Boulevard, Apartment 1
Baton Rouge, Louisiana 70806

Baton Rouge, Louisiana, this 2nd day of November, 2009

　　　　　　　*/s/Scott D. Huffstetler*
　　　　　　　Scott D. Huffstetler