UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WARLETHA PRICE | C.A. NO.: 09-366 |
| VERSUS | JUDGE: PARKER |
| EXXON MOBIL, INC | MAG. JUDGE: RIEDLINGER |

**STATION OPERATORS, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(6), OR 56**

Station Operators, Inc. ("SOI")(improperly named and/or referred to by the plaintiff as either "Exxon Mobil, Inc" or "Exxon-Mobil, Inc." or "Exxon Mobile") submits the following memorandum in support of its motion for partial dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), or 56.

## I. INTRODUCTORY STATEMENT

This is an employment case. The plaintiff, Warletha Price, is a former SOI employee whose employment was terminated on or about May 22, 2007.[1] In this lawsuit, Price makes several alleged employment discrimination and/or employment-related claims against SOI. Price's alleged claims are:

- Race discrimination and harassment claims brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et. seq.* ("LEDL"), and 42 U.S.C. § 1981;

- Sex discrimination and harassment claims brought under Title VII and the LEDL;

- Age discrimination and harassment claims brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA");

---
[1] Complaint (Rec. Doc. 1), ¶ 33; Answer and Defenses (Rec. Doc. 8), ¶ 33.

- Retaliation claims brought under Title VII, the LEDL, the ADEA, and Section 1981;

- Federal Constitutional claims brought under 42 U.S.C. § 1983;

- Claims brought under 42 U.S.C. § 1982; and

- State law tort claims brought under Louisiana Civil Code articles 2315 and 2317.

Some of Price's claims are procedurally-barred or otherwise without merit. These claims and the bases for dismissal are:

- All of Price's claims brought under Title VII (*i.e.*, Price's Title VII claims that are based upon race discrimination and harassment, sex discrimination and harassment, and retaliation) should be dismissed pursuant to Rules 12(b)(1), 12(b)(6), or 56. Price failed to satisfy Title VII's exhaustion requirement by filing a timely administrative charge directed to her Title VII claims;

- Price's LEDL claims that are based upon race discrimination and harassment, sex discrimination and harassment, and retaliation should be dismissed pursuant to Rules 12(b)(1), 12(b)(6), or 56. Price failed to provide proper written notice of these claims, as is required by Section 23:303(C) of the LEDL;

- Price's claims brought under 42 U.S.C. § 1983 should be dismissed with prejudice pursuant to Rules 12(b)(6) or 56. There is no allegation in the complaint or evidence in the record that SOI is a state actor; and

- Price's claims brought under 42 U.S.C. § 1982 should be dismissed with prejudice pursuant to Rules 12(b)(6) or 56. By its terms, Section 1982 does not apply to employment discrimination claims. Moreover, there is no allegation in the complaint or evidence in the record that Price had a property interest in her employment with SOI.

These alleged claims are without merit and as a matter of law should be dismissed. To make the litigation more manageable and efficient, the Court should dismiss these claims at the beginning of the case, before discovery. SOI's motion for partial dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), or 56 should be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

**A. Charge of Discrimination.** Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), SOI requested and received copies of documents contained in the agency file regarding Price's administrative charge against SOI (also known as FEPA charge number 07091817 and/or EEOC charge number 27A-2008-00011).[2] The FOIA file contains a charge of discrimination related to Price's employment with SOI and apparently signed by Price on or about October 19, 2007.[3] Under the charge section labeled "DISCRIMINATION BASED ON (Check appropriate box(es).)," the "AGE" box is the only box checked. The "RACE," "COLOR," "SEX," "RELIGION," "NATIONAL ORIGIN," "RETALIATION," "DISABILITY," or "OTHER (Specify below.)" boxes are not checked.[4]

Under the charge section labeled "THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s))," the following was provided:

> I began my employment with the Respondent on November 30, 1981 as a Cashier and have been promoted to a Retail Manager. The Respondent employs over 500 employees. On May 22, 2007, I was terminated.
>
> Due to previous performance action plans, I have been denied pay raises and given bad evaluations. According to Sajan Desai, Territory Manager, (unknown race) male age 23, I was terminated due to poor job performance.
>
> I believe I have been discriminated based on age, 52 because other younger retail managers had poor job performance but not terminated, in violation of LSA R.S.

---

[2] Declaration of Wanda Bailey ("Bailey Dec."), ¶ 3, Ex. "A." Pursuant to 28 U.S.C. §1746, SOI submits Bailey's declaration, which has like force and effect as an affidavit.

[3] Bailey Dec., ¶ 4, Ex. "B."

[4] *Id.*

23:301 et seq and The Age Discrimination in Employment
Act of 1967 (ADEA), as amended respectively.[5]

In this "PARTICULARS" section of the charge, there are no allegations of race discrimination and harassment, sex discrimination and harassment, or retaliation.[6]

The FOIA file also contains a notice of charge of discrimination directed to SOI through "Linda Roger, Manager, Exxon Mobil" and dated October 3, 2007. Under the notice section labeled, "This is a notice that a charge of discrimination has been filed against your organization under," the only box checked is the box that corresponds to "The Age Discrimination in Employment Act." The boxes that correspond to "Title VII of the Civil Rights Act" and other statutes are not checked. Moreover, under the notice section labeled, "CIRCUMSTANCES OF ALLEGED DISCRIMINATION," the only box checked is the box that corresponds with "AGE." The boxes that correspond with "RACE," "COLOR," "SEX," "RELIGION," "NATIONAL ORIGIN," "DISABILITY," "RETALIATION," or "OTHER" are not checked.[7]

The FOIA file contains a Dismissal and Notice of Rights issued by the Louisiana Commission on Human Rights (LCHR) and indicating that it was mailed to Price on or about February 2, 2009.[8] Similarly, the FOIA file contains a Notice of Right to Sue issued on request by the United States Equal Employment Opportunity Commission

---

[5] *Id.*

[6] *Id.*

[7] Bailey Dec., ¶ 5, Ex. "C." A second notice of discrimination, dated January 10, 2008, and also with only boxes checked that relate to age discrimination, is contained in the FOIA file. Bailey Dec., ¶ 6, Ex. "D."

[8] Bailey Dec., ¶ 7, Ex. "E."

("EEOC"), indicating that it was related to charge number 27A-2008-00011 and mailed to Price on or about March 17, 2009.[9]

**B. Lawsuit.** On or about June 15, 2009, Price filed the instant lawsuit alleging (1) race discrimination and harassment in violation of Title VII, the LEDL, and 42 U.S.C. § 1981; (2) sex discrimination and harassment in violation of Title VII and the LEDL; (3) age discrimination and harassment in violation of the ADEA; (4) retaliation in violation of Title VII, the LEDL, the ADEA, and Section 1981; (5) violation of 42 U.S.C. § 1983; (6) violation of 42 U.S.C. § 1982; and (7) state law tort claims under Louisiana Civil Code articles 2315 and 2317.[10] SOI answered Price's lawsuit on or about November 2, 2009.[11] Discovery has not begun. A scheduling conference is scheduled for November 20, 2009 before Magistrate Judge Stephen Riedlinger to set discovery and other pre-trial deadlines.[12]

## III. LAW AND ARGUMENT

### A. Standards of Reviews

**1. Motion To Dismiss Under Rule 12(b)(1).** Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the subject matter jurisdiction of the district court to hear a case. The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction.[13] The standard for review of a motion to dismiss under Rule

---

[9] Bailey Dec., ¶ 8, Ex. "F."

[10] Complaint (Rec. Doc. 1).

[11] Answer and Defenses (Rec. Doc. 8).

[12] Order Extending Time To File Responsive Pleading And Order Setting Scheduling Conference (Rec. Doc. 6).

[13] *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001).

12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6); that is, the court may dismiss a claim if it appears certain that the plaintiff cannot prove any set of facts in support of his claim which would entitle her to relief.[14] When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.[15] This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have jurisdiction.[16] A motion to dismiss based on Rule 12(b)(1) can be filed at any time.[17]

**2. Motion To Dismiss Under Rule 12(b)(6).** A court considering a 12(b)(6) motion to dismiss must construe the complaint in favor of the plaintiff and take all facts pleaded as true.[18] However, the "plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim."[19] The court is "not bound, however, to credit 'bald assertions, unsupportable conclusions, and opprobrious epithets'" woven into the fabrics of the complaint.[20] Further, the court "need

---

[14] *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

[15] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

[16] *Id.*

[17] *See, e.g.*, *Harrell & Sumner Contracting Co., Inc. v. Peabody Petersen Co.*, 546 F.2d 1227 (5th Cir. 1977).

[18] *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)).

[19] *Kane*, 322 F.3d at 374 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

[20] *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003) (internal citations omitted).

not resolve unclear questions of law in favor of the plaintiff,"[21] and should "not accept as true conclusory allegations or unwarranted deductions of fact."[22]

With respect to pleading standards, the United States Supreme Court indicated that a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[23] A claim is considered to be facially plausible when the pleaded factual content allows the court to reasonably infer that the defendant is liable for the alleged misconduct.[24] More recently, the Supreme Court upheld dismissal of a racial discrimination suit based on the plausibility standard.[25] Thus, to survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is "plausible on its face."

Courts may review documents attached to a motion to dismiss where the complaint refers to the documents, and they are central to the claim.[26] The Court may also take judicial notice of certain facts, including public records.[27] A motion to dismiss based on Rule 12(b)(6) can be granted with respect to a portion of the complaint.[28] A motion to dismiss based on Rule 12(b)(6) can be filed at any time.[29]

---

[21] *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994).

[22] *Kane*, 322 F.3d at 374 (quoting *Collins*, 224 F.3d at 498).

[23] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[24] *Id*.

[25] *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

[26] *Id.; In re Colonial Mortgage Bankers Corp.*, 324 F.3d at 15-16 (1st Cir. 2003).

[27] *Id.*

[28] *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 115 (2nd Cir. 1982); *Elliot v. State Farm Mut. Auto. Ins. Co.*, 786 F. Supp. 487, 489 (E.D. Pa. 1992); *Fielding v. Brebbia*, 399 F.2d 1003, 1006 (D.C. Cir. 1968); *Jeansonne v. Ford*, 2008 WL 4000473, *1 (W.D. La.); *Kemp v. Gonzales*, 2007 WL 4239447, *1 (W.D. La.); *Sisk v. U.S.*, 2007 WL 1962999, *1 (W.D. La.); *Rougeau v. Evans*, 2006 WL 2505318, *6

**3. Motion For Summary Judgment Under Rule 56.** Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Under Rule 56, the moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact.[30] The moving party need only point out the absence of evidence supporting the nonmoving party's case – it "need not <u>negate</u> the elements of the nonmovant's case."[31] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under the governing law."[32] If the moving party carries its initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a **genuine** issue of a **material** fact. Rule 56(e) requires that the plaintiff come forth with "**specific** facts showing that there is a genuine issue for trial."[33] This showing requires more than "some metaphysical doubt as to the material facts."[34] While the party opposing the motion may use proof filed by the movant to satisfy his burden,

---

(W.D. La.); *Strickland v. Cmty. Health Sys., Inc.*, 2005 WL 2105974, *1 (W.D. La.); *Crowder v. Am. Eagle Airlines, Inc.*, 2004 WL 5569334, *2 (W.D. La.); and *Harris v. State Farm Fire*, 2000 WL 33282467, *1 (W.D. La.).

[29] *See*, *e.g.*, *Monroe v. Cessna Aircraft Co.*, 417 F. Supp. 2d 824 (E.D. Tex. 2006); *Wells v. Radiator Specialty Co.*, 413 F. Supp. 2d 778 (S.D. Miss. 2006); *Russell v. Choicepoint Servs., Inc.*, 302 F. Supp. 2d 654 (E.D. La. 2004); *Lumzy v. Mortgage Elec. Registration Sys., Inc.*, 2008 WL 3992671 (S.D. Miss.); *Buckley v. Nuckols & Assocs. Sec., Inc.*, 2007 WL 4287560 (S.D. Miss.); *Tyson v. Dykes*, 2007 WL 3357189 (S.D. Miss.); *Brown v. Louisiana Office of Student Fin. Assistance*, 2007 WL 103028 (N.D. Tex.); and *Passman v. Thames*, 2006 WL 1195627 (S.D. Miss.).

[30] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

[31] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis in original); *Celotex*, 477 U.S. at 325, 106 S. Ct. 2548, 2554; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986); *Sims v. Brown & Root Indus. Servs., Inc.*, 889 F. Supp. 920, 925 (W.D. La. 1995).

[32] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

[33] *Id.* (Emphasis added.)

[34] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 584-88, 106 S. Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986).

"only evidence – not argument, not facts in the complaint – will satisfy" the opposing party's burden.[35] "Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence."[36] Nor is the burden of proof satisfied by "conclusory allegations,"[37] "unsubstantiated assertions,"[38] or by only a "scintilla" of evidence.[39] "A party against whom relief is sought may move **at any time**, with or without supporting affidavits, for summary judgment on all **or part** of a claim."[40]

### B. No Claims Under Title VII Because Price Failed To Exhaust Her Administrative Remedies

It is well-settled that before a plaintiff can bring an action under Title VII, she must first exhaust her administrative remedies.[41] Title VII's exhaustion requirement is satisfied only if a plaintiff files a timely charge with the EEOC and receives a statutory right-to-sue-notice.[42] The Fifth Circuit has dismissed Title VII claims where the aggrieved party has not exhausted administrative remedies.[43] The purpose of the exhaustion requirement is to provide the employer with prompt notice of the claim and to

---

[35] *Solo Serve Corp. v. Westowne Assoc.,* 929 F.2d 160, 164 (5th Cir. 1991).

[36] *Larry v. White,* 929 F.2d 206, 211 n.12 (5th Cir. 1991), *cert. denied,* 507 U.S. 1051, 113 S. Ct. 1946, 123 L.Ed.2d 651 (1993); *Sims,* 889 F. Supp. at 925.

[37] *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 871-73, 110 S. Ct. 3177, 3180, 111 L.Ed.2d 695 (1990).

[38] *Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994).

[39] *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994).

[40] Fed. R. Civ. Pro. 56(b). (Emphasis added.)

[41] *See* 42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Stith v. Perot Systems Corp.*, 122 F. App'x 115, 118 (5th Cir. 2005); *Clark v. Resistoflex Company*, 854 F.2d 762, 765 (5th Cir. 1988); *Reed v. Northrop Grumman Ship Sys. Inc.*, 2004 WL 2115596, *1 (E.D. La.).

[42] *Taylor*, 296 F.3d at 378-79 (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89)(5th Cir. 1996)).

[43] *See Nat'l Ass'n of Gov't Employees v. City of Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994).

create an opportunity for early conciliation.[44] Accordingly, failure to comply with this requirement will result in dismissal of the plaintiff's claim.[45]

A lawsuit on a Title VII claim cannot exceed the scope of the charge or the investigation that reasonably can be expected to grow out of the charge.[46] For example, in *Johnson v. Pointe Coupee Parish Police Jury*, the Fifth Circuit affirmed the district court's dismissal of a plaintiff's ADEA claim where the plaintiff filed an EEOC charge alleging discrimination on the basis of race for his termination, did not check the box for age discrimination, and did not include allegations of age discrimination in his charge.[47] Likewise, in *Jones v. Delta Towing, LLC*, the court found that the plaintiff failed to exhaust his administrative remedies on his retaliation claim where he checked only the box next to "race" and specified a claim of hostile work environment in the EEOC charge, but made no mention of retaliation.[48]

With regard to her Title VII claims, Price has not satisfied the administrative prerequisites for filing suit. Price's charge only checked the box that corresponded to age discrimination and only included allegations related to age discrimination. Price's charge did not include allegations under Title VII (specifically, her race discrimination and harassment, sex discrimination and harassment, and retaliation claims). Accordingly,

---

[44] *Skinner v. Touro Infirmary*, 2004 WL 2578924, *2 (E.D. La.).

[45] *Reed*, 2004 WL 2115596 at *2; *Sawyer v. JRL Enters., Inc.*, 2005 WL 3543738, *2 (E.D. La.).

[46] *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970).

[47] 261 F. App'x 668, *2 (5th Cir. 2008).

[48] 512 F. Supp. 2d 479, 486 (E.D. La.).

pursuant to Rules 12(b)(1), 12(b)(6), or 56,[49] Price's Title VII claims should be dismissed.

### C.   No Claims Under Louisiana's Employment Discrimination Law Because Plaintiff Failed To Comply With La. R.S. 23:303(C)

Prior to filing a lawsuit under the Louisiana anti-discrimination statute, a plaintiff must comply with Louisiana Revised Statute 23:303(C), which provides:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action **shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action**, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.[50]

While Section 23:303(C) does not provide specific consequences for a failure to comply with the notice provision, federal courts interpreting the statute have routinely held that such failure justifies dismissal of the claimant's discrimination claim.[51] Relying

---

[49] There is "confusion" in the Fifth Circuit and lower courts that sit in the Fifth Circuit over whether a motion to dismiss based on failure to exhaust Title VII administrative remedies should be granted under Rules 12(b)(1), 12(b)(6), or 56. *See*, *e.g.*, *Naik v. MBNA Tech., Inc.*, 2004 WL 690850, *6, n. 7 (N.D. Tex.)("Because of the inconsistency in authority regarding the effect of failure to exhaust administrative remedies, the court confesses some confusion with respect to whether it lacks jurisdiction or whether a precondition for filing a lawsuit has not been met."). Some courts consider motions to dismiss based on failure to exhaust Title VII administrative remedies as a jurisdictional issue and analyze such motions under Rule 12(b)(1). *See*, *e.g.*, *Plaisance v. Airgas-Gulf States, Inc.*, 2008 WL 1730535, *2 (E.D. La.). Other courts analyze motions to dismiss based on failure to exhaust Title VII administrative requirements under Rule 12(b)(6). *See*, *e.g.*, *Taylor*, 296 F.3d at 379; *Young*, 906 F.2d at 179; *Levingston v. T G C Indus., Inc.*, 2009 WL 249724, *3, n. 11 (W.D. La.); *McCoy v. Detention Center Claiborne Parish*, 2009 WL 1140250 (W.D. La.); *Reiskind v. Jefferson Parish Sheriff Office*, 2008 WL 4891124 (E.D. La.); and *Wilson v Lockheed Martin Corp.*, 2003 WL 22384933 (E.D. La.). Other courts hold that a motion to dismiss based on failure to exhaust Title VII administrative remedies is considered under Rule 56 and must be supported with competent summary judgment evidence. *See*, *e.g.*, *Lewis v. City of Ruston, Louisiana*, 2008 WL 2674040, *2 (W.D. La.). Rather than predict what view this Court holds, SOI moves for dismissal based on failure to exhaust Title VII administrative remedies based on Rules 12(b)(1), 12(b)(6), or 56.

[50] La. R.S. 23:303(C) (emphasis added).

[51] *See*, *e.g.*, *Guillory v. Sw. Louisiana Legal Servs.*, 95 F. App'x 98, 99 (5th Cir. 2004)(affirming the district court's grant of summary judgment as to the claimant's Louisiana law discrimination claim due, in part, to the claimant's failure to provide the defendants with notice of her claim); *Dunn v. Nextel So. Corp.*, 207 F. Supp. 2d 523, 524 (M.D. La. 2002); *Dorgan v. Foster*, 2006 WL 2067716, *5-6 (E.D. La.); *Falgout-Loebig v. Rosbottom Employees, L.L.C.*, 2006 WL 1984684, *10 (E.D. La.); *Lombardino v. Brentwood Health*

on federal jurisprudence, the one Louisiana appellate court case to address the issue of compliance with Section 23:303(C) has held likewise.[52]

With regard to her LEDL claims based on race discrimination and harassment, sex discrimination and harassment, and retaliation, Price makes no allegation, nor does she have any evidence, that she complied with the terms of Section 303(C). Therefore, pursuant to Rules 12(b)(1), 12(b)(6) or 56,[53] such LEDL claims should be dismissed.[54]

### D. No Claims Under 42 U.S.C. § 1983

Price's lawsuit includes claims under 42 U.S.C. § 1983. Claims under Section 1983 must allege a deprivation of constitutional rights by a state actor and do not apply to employment discrimination claims against a private employer.[55] Price has not, and cannot, demonstrate that SOI is a state actor. Pursuant to Rule 12(b)(6) or 56, Price's Section 1983 claims should be dismissed with prejudice.

### E. No Claims Under 42 U.S.C. § 1982

Price also contends that 42 U.S.C. § 1982 affords her a basis for relief in this employment discrimination case. This statute provides that "all citizens of the United

---

*Mgmt.*, 2005 WL 2600439, *2-3 (W.D. La.); *Malakoff v. Alton Ochsner Med. Found.*, 2000 WL 805232 (E.D. La.).

[52] *See Simpson-Williams v. Andignac*, 04-1539 (La.App. 4th Cir. 2005), 902 So.2d 385, 387-388.

[53] *See* note 49, *supra*.

[54] SOI does not move for early dismissal of Price's LEDL age claims because any such age claims were the subject of Price's EEOC charge. There are some cases that hold if the plaintiff has filed a charge of discrimination with the EEOC, within the appropriate time period and regarding the alleged discrimination that is the subject of the plaintiff's lawsuit, then the plaintiff need not provide her own written notice to the defendant, as the EEOC charge accomplishes the purposes of section 23:303(C). *See*, *Falgout-Loebig, L.L.C.*, 2006 WL 1984684 at *10. For this reason, SOI declines to seek dismissal of Price's LEDL age claims at this time. However, SOI reserves its right to seek dismissal of Price's LEDL age claims at a later date.

[55] *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).

States shall have the same right in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." By its terms, Section 1982 is limited to discrimination with respect to property rights.[56] This statute does not apply to employment discrimination claims.[57] Price has not, and cannot, allege any claims other than alleged employment discrimination and/or employment-related claims. Moreover, Price has not, and cannot, allege any property interest in her former position with SOI. For these reasons, the Court should dismiss Price's Section 1982 claims with prejudice pursuant to Rule 12(b)(6) or 56.

## IV. CONCLUSION

In conclusion, based on the foregoing reasons, the Court should grant SOI's motion for partial dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), or 56.

                                                    ___/s/Scott D. Huffstetler_____
                                                    Melanie M. Hartmann (#14358), T.A.
                                                    Melanie.Hartmann@keanmiller.com
                                                    Theresa R. Hagen (#19333)
                                                    Theresa.Hagen@keanmiller.com
                                                    Scott D. Huffstetler (#28615)
                                                    Scott.Huffstetler@keanmiller.com
                                                    Kean, Miller, Hawthorne, D'Armond,
                                                    McCowan & Jarman, LLP
                                                    Post Office Box 3513
                                                    Baton Rouge, LA 70821
                                                    Telephone: 225.387.0999
                                                    Fax: 225.388.9133

                                                    *Attorneys for Station Operators, Inc.*

---

[56] *See*, *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S. Ct. 2186, 20 L.Ed.2d 1189 (1968).

[57] *Evans v. Meadow Steel Products, Inc.*, 572 F. Supp. 250 (D.C. Ga. 1983); *Johnson v. Duval County Teachers Credit Union*, 507 F. Supp. 307 (M.D. Fla.1980); *Krieger v. Republic Van Lines*, 435 F. Supp. 335 (S.D. Tex. 1977).

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing motion for partial dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), or 56 was filed electronically with the Clerk of Court using the CM/ECF system.  I also certify that I have mailed by United States Postal Service, postage pre-paid, this filing to the following non-CM/ECF participant:

    Warletha Price, *Pro-Se*
    3021 North Boulevard, Apartment 1
    Baton Rouge, Louisiana 70806

    Baton Rouge, Louisiana, this 13th day of November, 2009

                      */s/Scott D. Huffstetler*
                        Scott D. Huffstetler