RECEIVED
DEC 02 2009
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WARLETHA PRICE          NO.: 09-366-JVP-SCR

VERSUS          SECTION: _____

STATION OPERATORS INC. D/B/A          MAGISTATE _____
EXXON MOBIL CORS

## *COMPLAINT*

**COMES NOW INTO COURT,** Plaintiff, **WARLETHA PRICE,** *in proper person*, to bring this action for damages pursuant 29 U.S.C. § 621 2007 for wrongful termination basis on age discrimination. The Plaintiff, Warletha Price avers the following:

### PRELIMINARY STATEMENT

1.

This is a civil rights actions accompanied by pendant federal law tort claims against defendant Station Operators Inc. d/b/a Exxon Mobil CORS seeking for monetary damages, because of wrongful termination which deprived her of her retirement.

### JURISDICTION AND VENUE

2.

Jurisdiction is in the United States District Court, Middle District of Louisiana is proper pursuant 28 U.S.C. 1391.



3.

Venue is in East Baton Parish.

## PARTIES

### Plaintiff

4.

**Plaintiff Warletha Price**, an African American female, fifty-four (54) years of age who had worked for Exxon Mobil for the past twenty-five years. She is an American citizen residing in the state of Louisiana, in the Parish of East Baton Rouge, in the City of Baton Rouge at the address of 3021 North Boulevard Apt. 1.

### Defendant

5.

**Defendant Station Operators Inc. d/b/a Exxon Mobil CORS** is a legal entity organized under the laws of the State of Louisiana and the United States of America that can sue and is capable of being sued.

## FACTUAL BACKGROUND

6.

Plaintiff began working for the Defendant on November 30, 1981 as a cashier.

7.

Her performance through the years was so outstanding that Defendant selected her to attend its management school.

8.

Plaintiff attended and met all the defendant's requirements for completing the two (2)

week management course, ending the week of August 5, 1994.

9.

Plaintiff attended and met all defendants' requirements for completing a Loss Prevention Course, ending the week of May 11, 1995.

10.

After careful consideration and evaluation of plaintiff performance over the previous years, defendant selected plaintiff for the position of assistant manager of its store at Florida Boulevard and Acadian Thruway.

11.

Plaintiff's job performance at the Florida/Acadian store was so outstanding that Defendant selected her to manage the store at Highland Road and Roosevelt Street in Tiger Town near LSU.

12

Plaintiff's expertise in the area of inventory control led defendant to call on her service in various stores who had inventory problems.

13.

Plaintiff attended all regular manager development and product developments meetings and her job performance was never a problem prior to the acts and/or omissions of Caucasian District Manager Evan Bruhadf in 2004.

### Claim #1

14.

The job situation was going so well that plaintiff contacted the Human Resources office at Defendant's main office in Houston, Texas to inquire about retirement and early retirement.

15.

Defendant's Human Resource Office informed plaintiff that she needed thirty days (30) of services with the company and be over the age of fifty-five (55).

16.

Evan Bruhadf, at all times relevant, was a decision and policy maker in the employment of Defendant Exxon Mobil;

17.

Evan Bruhadf is a Caucasian male District Manager of Defendant Exxon Mobil was at all times pertinent was in plaintiff's supervisory chain of command.

18.

As Defendant prepared to renovate Store #52398 for the name franchise change to *ON THE RUN*, Caucasian male District manager took adverse action against plaintiff on the basis of the prohibit factor(s) of age, gender and/or race;

Claim #2

19.

Caucasian male District Manager told African American female plaintiff that she would either be demoted or participate in a job performance assessment Plan in order to retain her current position at the Florida Boulevard/Acadian Thruway store.

20.

Upon information and belief, which may be verified with discovery, Caucasian male District Manager Evan Bruhadf did not threaten to demote any other store manager as he did plaintiff;

21.

Upon information and belief, which may be verified with discovery, Caucasian male District Manager Evan Bruhadf did not force any other store manager to participate in a job performance Assessment as he did plaintiff;

22.

Defendant District Manager tried to get plaintiff to agree to the terms and conditions set forth by him, and she refused to agree to said *adverse employment action.*

### Claim #3

23.

A conversation dated June 30, 2004; plaintiff contacted Ms Hannah Nulty of Defendant's home office *to complain* about the alternatives presented to her by Caucasian male District manager Evan Bruhadf.

24.

Plaintiff's file a protective action complaint to Defendant Exxon Mobil's Human Resource Office.

### Claim #4

25.

Over her protests Defendant relocated plaintiff to its store at Highland Road and Lee Drive in South Baton Rouge after she engaged in the protected activity of complaining to Defendant's Human Resource Office.

26.

Plaintiff suffered disparate treatment from defendant by having to participate in a job performance assessment unlike any other similarly situated manager;

27.

Upon information and belief which will be verified during discovery, *younger* similarly situated employees (Linda Brooks and Linda Rogers) as plaintiff with documented poor job performance did not suffer adverse employment action of termination as did plaintiff.

28.

Plaintiff satisfactorily completed the job performance assessment and defendant terminated it as a requirement.

29.

Defendant then moved plaintiff from the Highland Road Lee Drive store to a location at Highland Road and Staring Drive, where she was again subject to the disparate activity of having to participate in another job performance assessment, unlike any other similarly situated employee manager.

30.

Throughout the relevant period, defendant utilized a profit/loss formula to rate its stores;

31.

Plaintiff did not receive any bad job performance ratings during her tenure at the Highland Road/Roosevelt Street Store.

### Claim #5

32.

Without warning Defendant Exxon Mobil wrongfully terminated plaintiff's employment on May 22, 2007 on the basis on "poor job performance in order to prevent her from qualifying for retirement."

33.

To date Defendant has not provided plaintiff a written reason for her termination.

34.

Plaintiff filed an employment discrimination complaint with the Equal Employment Opportunity Commission (EEOC) and received a Right To Sue Letter, dated June 19, 2009;

35.

This action comes within ninety (90) days of plaintiff's receipt of the EEOC Right To Sue Letter.

### *Prayer for Relief*

Plaintiff, Warletha Price prays that the United States District Court ,Middle District of Louisiana finds the defendant liable, and that plaintiff be granted relief pursuant for lost wages, future wages, compensatory damages, early and/or full retirement.

### *Conclusion*

There is not question that plaintiff was within her right to inquire about the retirement requirements which defendant had in place. It is without question that plaintiff had the protected right to complain to the defendant about the threatened demotion and other punitive acts that the

Caucasian male District manager threatened to impose against her and not against any other younger similar employee managers. not Because African American female plaintiff engaged in the noted protected activities, defendant began a program against her, subjecting her to job assessment requirement which were not in her job description and playing musical chair by moving her from one outlet to another to entice plaintiff to quit. When plaintiff refused to quit, after being subjected to a hostile work environment for three (3) years, Defendant finally did what plaintiff refused to do, terminated her on the prescribed basis of age discrimination violation of applicable federal law. **WHEREFORE,** for all the above and foregoing reasons, humble plaintiff prays and beseeches the Court, after all proceedings be had, issue an order finding the defendants liable to plaintiff for all the claims statement within this petition, as a matter of law.

Done on this 2nd day of September, 2009 at Baton Rouge, Louisiana.

RESPECTFULLY SUBMITTED BY:

_____
Warletha Price
Plaintiff, *In Proper Person*
*In Forma Pauperis*
3021 North Boulevard Apt. 1
Baton Rouge, Louisiana 70806
(225) 383-1963

## CERTIFICATE OF SERVICE

I certify that on this the 2nd day of June September, 2009 at roughly 14:20 P.M. I served a stamped copy of the foregoing complaint on the following defendants and/or their designated agents, residences, and/or places of business/employment:

Exxon Mobil Corporation
P.O Box 2180
CORP-EMB-18061
Houston, Texas 77252-2180

_____