UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WARLETHA PRICE

VERSUS

EXXON MOBIL, INC., ET AL

CIVIL ACTION

NUMBER 09-366-JJB-SCR

**RULING ON APPLICATION FOR APPOINTMENT OF COUNSEL**

Before the court is the application of plaintiff Warletha Price for appointment of an attorney to represent her. Record document number 18.

Plaintiff filed suit against Exxon Mobil, Inc. She alleged numerous claims based on violations of both federal and state age, gender and race discrimination laws. Plaintiff alleged violations of her Fifth and Fourteenth Amendment rights under the U.S. Constitution and violations of her rights under the Louisiana Constitution. Plaintiff also alleged state a tort law claim under Louisiana Civil Code article 2315, et seq.

After discussing the basis for her claims with opposing counsel and the court at the initial scheduling conference, the plaintiff filed a motion to amended her complaint.[1] Her claims were further discussed at the next status conference[2] and she filed

---

[1] Record document number 15.

[2] Record document number 16.

her amended complaint thereafter.[3]  Although still somewhat unclear, it now appears that the plaintiff's sole claim is for age discrimination under the Age Discrimination in Employment Act (ADEA).

Plaintiff, formerly employed by the defendant as a store manager, alleged that she began working for the defendant in 1981. At some time in 2004, she contacted the defendant's human resources office and inquired about retirement and early retirement.  She was told she need to have 30 years of service and be age 55.  Later (but still in 2004) District Manager Evan Brudahl threatened the loss of her job if she did not participate in a job performance assessment plan.  Plaintiff alleged that no other similarly situated store manager was forced to participate in a job performance assessment. Plaintiff complained about that to the human resources office and she refused to participate in the assessment plan.  Thereafter she was transferred to another store, which she alleged was because she "engaged in protected activity of complaining" to the human resources office.  At that store the plaintiff satisfactorily completed a job performance assessment plan.  Then the defendant moved her again, where she was again required to participate in a job performance assessment. Plaintiff alleged that she was wrongfully terminated in May 2007, on the asserted basis of poor performance, in order to prevent her from

---

[3] Record document number 17.

2

qualifying for retirement benefits.[4]

Unlike Title VII, the ADEA does not expressly authorize appointment of counsel.  However, the plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915.[5]  Although § 1915 does not authorize the court to appoint an attorney, under § 1915(e)(1) a "court may request an attorney to represent any such person unable to employ counsel." *Burton v. Texas Parks and Wildlife Dept.*, 2009 WL 1231768 , *3 (W.D.Tex. 2009).

A pro se plaintiff's request for appointed counsel in a civil rights action is only granted under "exceptional circumstances." *See Jackson v. Dallas Police Department*, 811 F.2d 260, 261 (5th Cir. 1986).  In determining whether a plaintiff's request for counsel should be granted, the court considers the following factors: (1) the plaintiff's financial ability to retain counsel, (2) the efforts taken by the plaintiff to obtain counsel, and (3) the merits of plaintiffs claim.  *Burton, supra*, citing *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir.1990).  Courts also consider the plaintiff's ability under the circumstances of the case to present the case without the assistance of an attorney.  *Ulmer v.*

---

[4] Record document number 17, amended complaint, pp. 6-7.  A more detailed account of the final years of plaintiff's employment history with the defendant is found in the defendant's February 15, 2008 letter to the Louisiana Commission on Human Rights sent in response to the Commission's request for a position statement. Record document number 24-3, pp. 64-68.

[5] Record document number 4.

*Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). The decision whether to appoint counsel rests within the sound discretion of the trial court. *Gonzales* at 579.

Appointment of an attorney to represent the plaintiff under § 1915 is not warranted.

In her application the plaintiff stated that she is earning $465 weekly and earned about $26,000 from December 2009 to November 2009. She has no other income or significant assets, and no dependents. This information supports finding that the plaintiff would be unable to retain counsel on an hourly fee basis.

Plaintiff contacted several attorneys about representing her but for various reasons they decline to do so. Plaintiff made a sufficient effort to obtain counsel.

When 180 days passed after the plaintiff filed her Charge of Discrimination the EEOC terminated the processing of her charge without making a finding and issued a Notice of Right to Sue. Thus, there is no investigative record which might assist the court in evaluating the merits of the plaintiff's ADEA claim. However, the defendant filed a comprehensive Motion for Summary Judgment.[6] The motion includes the plaintiff's entire deposition testimony (almost 500 pages), plus numerous deposition exhibits related to her employment and her discrimination claims, and declarations under oath by Brudahl, Linda Masters (formerly a Territory Manager

---

[6] Record document number 38.

and now a Training Advisor with Exxon Mobil Corporation), Hannah R. Nulty (formerly a Human Resources Advisor and now a Senior Human Resources Specialist with Exxon Mobil Corporation), and Patrick J. Schiro (formerly a Store Manager and a Territory Manager and now a Branded Wholesale Territory Manager with Exxon Mobil Corporation).

Consideration of all the testimony and documents, viewed in the light most favorable to the plaintiff, supports finding that the plaintiff's ADEA claim has no merit.  This information does not support a reasonable belief that either the plaintiff's age, or the fact that she inquired about when she would be eligible for retirement, was a factor in her eventual termination.

Although the plaintiff would be qualified for appointment of counsel because she is not financially able to retain counsel and she has made a sufficient effort to obtain an attorney to represent her, these factors are outweighed by the substantial evidence which shows that her ADEA claim has no merit.

Accordingly, the application of plaintiff Warletha Price for appointment of an attorney to represent her is denied.

Baton Rouge, Louisiana, October 29, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE