UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WARLETHA PRICE

VERSUS

STATION OPERATORS INC. D/B/A
EXXON MOBIL CORS

CIVIL ACTION

NO. 09-366-JJB

**RULING**

This matter is before the Court on a motion for summary judgment (doc. 38) filed by defendant Station Operators, Inc. Plaintiff Warletha Price has filed no opposition to this motion. There is no need for oral argument.

Plaintiff's lawsuit in this matter seeks damages for wrongful termination, alleging age discrimination and retaliation. Plaintiff claims her former employer, Station Operators, terminated her because of her age. Plaintiff also complains that she was subjected to job performance assessments and performance assessment plans and that she was transferred from a management position at one Baton Rouge store to a management position at another Baton Rouge store. Plaintiff also alleges that she was subject to retaliation for complaining to human resources.

In its motion for summary judgment, Station Operators contends that the majority of plaintiff's allegations are procedurally barred for failure to exhaust administrative remedies and that plaintiff's retaliation claim should fail because of her failure to allege retaliation in her EEOC charge. Moreover, defendant seeks dismissal of all of plaintiff's claims on the merits. According to the defendant,

1

plaintiff has failed to set forth a prima facie case of either age discrimination or retaliation.  In addition, plaintiff has failed to contest defendant's purported non-discriminatory reason for terminating the plaintiff – poor job performance.

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When the burden at trial rests on the non-movant, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case.  *See id.*  The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case.  *Id.*

Although the Court considers any disputed or unsettled facts in the light most favorable to the non-movant, the non-movant may not rest merely on allegations set forth in the pleadings.  Instead, the non-movant must show that there is a genuine issue for trial by presenting evidence of specific facts.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  Conclusory allegations and unsubstantiated assertions will not satisfy a non-movant's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996).  If, once a non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant,

summary judgment will be granted.  *See Celotex,* 477 U.S. at 322; see also Fed. R. Civ. P. 56(c).

To prevail on her age discrimination claims under the Age Discrimination in Employment Act (ADEA), plaintiff must show intentional discrimination.  *Price v. Marathon Cheese Corp.*, 119 F.3d 330, 336-37 (5th Cir. 1997).  In ADEA cases, a plaintiff must show that her age was the "but for" cause of the adverse employment action.  *Gross v. FBL Fin. Servs., Inc.*, 129 S.Ct. 2343, 2350-51 (2009).  Under the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff must show that: (1) she is a member of a protected class; (2) she is qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside the protected class, someone younger, or was otherwise discharged because of age.  *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222-23 & n.3 (5th Cir. 2000).  If plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions.  *Patrick v. Ridge*, 394 F.3d 311, 315-16 (5th Cir. 2004).  Once the employer articulates a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff to demonstrate that the legitimate reasons offered by defendant were not the true reasons but were, instead, a pretext for discrimination.  *Id.*; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).

In its motion for summary judgment, Station Operators contends that plaintiff has not made out a prima facie case of age discrimination.  Defendant

3

correctly asserts that the only actionable adverse employment action cited by plaintiff was her termination. Defendant asserts, and plaintiff does not dispute, that Price has not shown she was discharged because of her age. Additionally, Price has completely failed to refute the legitimate, nondiscriminatory reason for Station Operators' employment decision—Price's continual poor performance. Indeed, defendant's motion shows that plaintiff had a history of poor performance as manager and employee of Station Operators and that on numerous occasions defendant sought to help Price, giving her multiple chances to improve her performance. As defendant correctly asserts, given Station Operators' well documented reason for termination, Price cannot meet her ultimate burden of demonstrating that but for her age, she would still be employed by Station Operators. See *Gross*, 129 S.Ct. at 2350-51.

Defendant similarly argues that plaintiff has failed to establish a prima facie case of retaliation under the ADEA. To establish a prima facie case for ADEA retaliation, a plaintiff must show that she was engaged in a protected activity and that there was a causal link between the plaintiff's protected activity and the adverse employment action. If the plaintiff makes a prima facie showing, the aforementioned *McDonnell Douglas* burden shifting framework also applies. *Patrick,* 394 F.3d at 316.

In its motion, Station Operators correctly asserts that Price has not established that she was engaged in a protected activity, nor has she demonstrated that there was a causal connection between any protected activity

and her termination.  As such, Price has failed to establish a prima facie case for retaliation.  Additionally, had the plaintiff succeeded in establishing a prima facie case for retaliation, she has nonetheless failed to refute defendant's legitimate, nondiscriminatory, non-retaliatory reason for terminating her.

The court notes that our decision would be the same with or without utilizing a burden shifting analysis.  Plaintiff has failed to establish a prima facie case of age discrimination or retaliation.  Because this court's ruling is sufficiently dispositive of plaintiff's claims, we decline to reach the merits of defendant's other proposed bases for summary judgment.

Accordingly, defendant's motion for summary judgment (doc. 38) is hereby GRANTED, and plaintiff's claims against defendant are hereby DISMISSED.

Signed in Baton Rouge, Louisiana, on December 1, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**